**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4644**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHARLES PALMER, a/k/a Charles Stallworth, Jr.,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:07-cr-00190-1)

———————

Submitted:  November 5, 2008     Decided:  November 20, 2008

———————

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Christian M. Capece, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Palmer pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to seventy months' imprisonment. Although Palmer does not contest on appeal the district court's calculation of the advisory guidelines range, he asserts two sentencing errors. First, Palmer argues that the court erred by imposing a sentence greater than necessary to fulfill the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) (2006). Second, he contends that the advisory guidelines range applied to him both overstates the seriousness of his conduct and does not sufficiently address his recent attempts to change his life. We affirm.

We review sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This court may afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. Pauley, 511 F.3d at 473; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007) (upholding presumption of reasonableness of within-guidelines sentence). This presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.

2006) (internal quotation marks and citation omitted). Here, the district court properly calculated the guidelines range and correctly treated the sentencing guidelines as advisory.

In determining an appropriate sentence, a district court "need not robotically tick through § 3553(a)'s every subsection," but should "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks and citation omitted). Here, the district court explained that it had considered both the § 3553(a) factors and the advisory guideline range. Moreover, the court stated that it believed the sentence was appropriate when viewed in light of the particular circumstances of the offense, Palmer's repeated criminal convictions, and the need to protect the public from Palmer's further criminal acts. Accordingly, we find that the seventy-month sentence, which is within the advisory guidelines range, is reasonable. See Rita, 127 S. Ct. at 2462.

Because we reject Palmer's challenge to his sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3